IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MORENA POCASANGRE                :
                                 :
    v.                           : Civil Action No. DKC 16-3022
                                 :
ESCOBA, INC., et al.             :
                                 :

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action against Escoba, Inc. d/b/a El Triunfo Restaurant and against Vidal Escobar, Alexander Rivera, and Rosario Rivera on August 30, 2016, alleging violations of federal and state labor law. (ECF No. 1). Plaintiff and Defendants entered into settlement negotiations which apparently fell apart when the corporate defendant went out of business. (ECF No. 11). On April 14, 2017, Plaintiff sent discovery requests to Defendants. (ECF No. 21-4). On July 18, 2017, Defendants' counsel moved to withdraw from the case because Defendants had failed to maintain communication with him. (ECF No. 14). The motion was granted as to the individual defendants, and the corporate defendant, Escoba, Inc., was given notice that it needed to obtain new counsel within 30 days or it would be ordered to show cause why a default should not be entered against it. (ECF No. 15). When counsel did not enter an appearance on behalf of Defendant Escoba within the

timeframe, the show cause order was issued, and, when Defendant Escoba failed to respond to the order, a default was entered against it. (ECF Nos. 19, 20).

On October 4, 2017, Plaintiff's counsel filed a status report stating that the remaining Defendants had still not responded to Plaintiff's discovery requests. (ECF No. 21). Plaintiff moved for sanctions requesting a default judgment be entered against Defendants pursuant to Fed.R.Civ.P. 37. In the alternative, Plaintiff moved that Defendants be ordered to respond to Plaintiffs' discovery requests. (ECF No. 22). Although the motion was mailed to Defendants, no response has been received.

Default judgment is a possible sanction for a failure to participate in the discovery process before a default judgment is entered. However, defendants are "entitled to be made aware of this drastic consequence of failing to meet the court's conditions[.]" *Choice Hotels Int'l, Inc. v. Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993). Moreover, courts will only enter a default judgment when a less severe sanction would not "be a reasonable alternative[.]" *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505 (4th Cir. 1977). Here, the parties have not received an order to comply with discovery and have not been warned about the possible consequences of failing to comply. Therefore, a default judgment is premature.

Defendants are warned that they are obligated to respond to the discovery requests in a timely fashion. Defendants will be given twenty-one (21) days to provide full and complete responses or risk sanctions including a default judgment.

Fed.R.Civ.P. 37(d)(1)(A) provides:

> The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

The possible sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; [or]
>
> (vi) rendering a default judgment against the disobedient party[.]

Fed.R.Civ.P. 37(b)(2)(A). In addition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed.R.Civ.P. 37(d)(3).

Accordingly it is this 13th day of November, 2017 by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 22) BE, and the same hereby IS, GRANTED IN PART AND DENIED IN PART; as follows

   a. The request for default judgment against Defendants BE, and the same hereby IS, DENIED;

   b. The request to order Defendants to comply with Plaintiff's discovery requests BE, and the same hereby IS, GRANTED;

2. Defendants are directed to provide complete responses to the requests propounded by Plaintiff by no later than December 4, 2017, or be subject to sanctions, including a default judgment; and

3. The clerk will transmit copies of this Memorandum Opinion and Order to Defendants and counsel for Plaintiff.

/s/
DEBORAH K. CHASANOW
United States District Judge
