# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

November 28, 2018

**VIA ELECTRONIC FILING**

Morena Pocasangre
8920 Tonbridge Terrace
Hyattsville, MD 20783
PRO SE

Escoba, Inc.
1835 University Blvd.
Adelphi, MD 20783
PRO SE

Rosario Rivera
7604 Charlton Avenue
College Park, MD 20740
PRO SE

Re: *Pocasangre v. Escoba, Inc. et al.,* Civil Action No. 8:16-cv-03022-DKC

Dear Parties:

    A copy of the "Report and Recommendations" rendered in the above-captioned case is attached. Any objections you wish to make thereto must be made **in writing and within 14 days** pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

    After the time for filing written objections has expired, Judge Paul W. Grimm will review the "Report and Recommendations" regardless of whether you have filed written objections to it. If you should fail to file written objections within the time set forth above (or within the time of any extension specifically granted by the Court) and Judge Grimm subsequently adopts the Report and Recommendations, you will have lost your right to appeal the findings and conclusions set forth therein to the United States Court of Appeals for the Fourth Circuit, except upon grounds of plain error.

Very truly yours,

/s/
Gina L. Simms
United States Magistrate Judge

Attachment

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| MORENA POCASANGRE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: DKC 16-3022 |
| ESCOBA, INC., et al., | * | |
| Defendant. | * | |

## REPORT & RECOMMENDATION

This Report and Recommendation addresses Plaintiff Morena Pocasangre's "Renewed Motion for Sanctions" as to Defendants Escoba, Inc., Vidal Escobar, Alexander Rivera, and Rosario Rivera. (ECF No. 27). Pursuant to 28 U.S.C. § 636, and Local Rule 301, the Honorable Deborah K. Chasanow referred this matter to the undersigned to review Plaintiff's motion and to make a recommendation regarding damages. (ECF No. 35). I do not believe that a hearing is necessary. L. R. 105.6. As set forth more fully below, I ultimately recommend that the Court not award damages to Plaintiff.

### I. Factual and Procedural Background

On August 30, 2016, Plaintiff Morena Pocasangre ("Plaintiff") filed a Complaint against Escoba, Inc., Vidal Escobar, Alexander Rivera, and Rosario Rivera (collectively, "the Defendants") seeking to recover unpaid wages and statutory damages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* (ECF

No. 1). On November 10, 2016, Defendants filed Answers to the Complaint denying Plaintiff's allegations and asserting several defenses on their behalf. (ECF No. 8).

The procedural history of this case is set forth in detail in a Memorandum Opinion and Orders issued by Judge Chasanow on November 13, 2017 and April 20, 2018, respectively. (ECF Nos. 23, 34). This report contains a shorter summary of facts that I believe are relevant to addressing the Plaintiff's request for a damages award.

On October 4, 2017, Plaintiff filed a motion for sanctions requesting that a default judgment be entered against the Defendants after they failed to respond to Plaintiff's discovery requests. (ECF No. 22). On November 13, 2017, Judge Chasanow denied the default judgment request and ordered the Defendants to respond to Plaintiff's discovery requests or face sanctions. (ECF No. 23). On April 9, 2018, Plaintiff renewed her motion for sanctions requesting the entry of default judgment, citing to the Defendants' failure to abide by the Court's order. (ECF No. 33). Neither of Plaintiff's motions for sanctions ever quantified her damages.

On April 20, 2018, Judge Chasanow granted Plaintiff's renewed motion for sanctions pursuant to Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and directed the Clerk of the Court to enter default against the Defendants for failure to participate in the discovery process, (ECF No. 34).[1] (*Id*). Also, on April 20, 2018, this matter was referred to me to determine the amount of Plaintiff's damages. (ECF No. 35).

On June 19, 2018, an Order was issued directing Plaintiff to file her memorandum and any supporting materials relevant to her damages claim by July 9, 2018. (ECF No. 36). The Order also

---

[1] On or about June 19, 2018, the Clerk of the Court attempted to inform the Defendants of the entry of the order of default by mailing copies of the order via certified mail, return receipt requested. (ECF Nos. 37, 38). On June 27, 2018, a signed return receipt was received from Defendant Vidal Escobar. (ECF No. 38). Regarding Defendants Alexander Rivera and Rosario Rivera, the envelopes containing a copy of the default order were returned as "undeliverable/unclaimed" on July 20, 2018. (ECF Nos. 39, 40).

directed the Defendants to respond to that pleading by July 16, 2018, and identified August 21, 2018, as the date for the hearing on Plaintiff's motion. (*Id*.). The scheduling order, a copy of Judge Chasanow's April 20, 2018 Order, and letters to each of the three defendants were mailed via certified mail on or about June 19, 2018. (ECF Nos. 36, 36-1 – 36-4). Although the docket reflects that those items were sent to the Defendants, certain items were returned as "undeliverable," while others were apparently delivered.[2] (*See e.g*., ECF Nos. 38-40, 42, 43). On July 9, 2018, Plaintiff failed to file her memorandum. Thereafter, on July 24, 2018, the Court *sua sponte* granted Plaintiff additional time to file a pleading in support of her damages request. (ECF No. 41). The Order also directed Plaintiff to "show cause" as to why she missed the July 9, 2018 deadline. (*Id*.). On August 17, 2018, almost 60 days after the first order, Plaintiff, through counsel, filed a two-sentence motion requesting that the August 21 hearing be stayed. However, Plaintiff failed to articulate any reason for failing to comply with the Court's earlier orders. (ECF No. 44).

On August 21, 2018, the Court issued an order denying Plaintiff's request to stay the hearing and ordered Plaintiff to show cause as to why she should be permitted to file her memorandum late. (ECF No. 46). Also on August 21, 2018, Plaintiff's counsel filed a letter representing that, despite his repeated attempts to communicate with Plaintiff about her case, Plaintiff had failed to respond to him. Thus, he was unable to establish damages.[3] (ECF No. 47). On that same day, counsel also filed a motion to withdraw as counsel and explained that he had informed Plaintiff of his intent to withdraw. (ECF Nos. 48, 48-1). On August 21, 2018, Judge Chasanow granted counsel's motion and issued a letter to Plaintiff

---

[2] Beginning in June 2018, several documents were sent via certified mail to the Defendants. The docket contains several "domestic return receipts," but does not clearly identify which documents sent to the Defendants are associated with which return receipts. Accordingly, I am unable to fully determine which documents the were received by the Defendants. Ultimately, however, it is immaterial because, as set forth below, Plaintiff has failed to meet her burden on damages.

[3] Counsel's sworn declaration attached to the correspondence explained that he had attempted to contact Plaintiff by telephone on June 22, June 27, and July 10, 2018. (ECF No. 47, Exh. 1). Counsel further explained that he also sent a letter to Plaintiff's last known address requesting that Plaintiff contact him immediately. (*Id*). Plaintiff did not respond.

informing her that she would be proceeding without counsel unless or until new counsel entered an appearance on her behalf. (ECF No. 49). Judge Chasanow's letter was sent to Plaintiff at the address identified by former counsel as being Plaintiff's current address. A review of the docket sheet reflects that this correspondence has not been returned as undeliverable.

On September 6, 2018, another order was issued, whereby Plaintiff was directed to provide her memorandum related to damages by September 21, 2018. (ECF No. 50). On November 1, 2018, a letter was sent by this court to Plaintiff directing her to respond to the Court by no later than November 16, 2018. (ECF No. 52). The letter was supposed to be sent to Plaintiff via certified mail, however, it was inadvertently sent via first class mail. On November 14, 2018, the Clerk's Office resent the letter to Plaintiff via certified mail. On November 19, 2018, the Court received the domestic return receipt reflecting that the letter sent via certified mail to Plaintiff was received on November 17, 2018. (ECF No. 53). The return receipt reflects that someone with the initials "TP" accepted the letter. (*Id.*). In addition, there is no evidence in the docket that the Court's November 1, 2018 letter was returned as undeliverable.

To date, Plaintiff has never provided this Court with any information to support her damages claim, nor has any attorney entered an appearance on her behalf to explain her inaction. Furthermore, more than five months has elapsed since the Court's grant of Plaintiff's motion for sanctions.

**II.  Analysis**

Federal Rule of Civil Procedure 55 governs entries of default and default judgments. Rule 55(b) provides that the clerk of the court may enter default judgment in a monetary amount if a plaintiff's claim is for a "sum certain" or "[is] a sum that can be made by computation." However, where, as here, Plaintiff does not assert any damages amount in either of her sanctions motions, Plaintiff must support

her claim by affidavit or other documentary evidence. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 792 (D.Md. 2010).

In the instant case, for more than five months, Plaintiff has failed to provide the Court with any information or documentation, such as an affidavit or a declaration, to support a damages amount. Absent this information, I cannot recommend that you award damages in any amount.[4]

### III. Conclusion

In sum, for the abovementioned reasons, I ultimately recommend that the Court not award damages to Plaintiff.[5]

November 28, 2018

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

GLS/klc

---

[4] I do note that it is well understood that Plaintiff's silence is not fatal to her claim for damages. *See Graduate Management Admission Council v. Lei Shi*, No:1:07cv605, 2007 WL 4692777 at *5 (E.D.Va. Dec. 11, 2007). In *Lei Shi*, Plaintiff's Complaint simply requested "money damages plus attorneys fees and pre and post-post judgment interest," which the Court found to not be at odds with Plaintiff's motion for default judgment because Plaintiff had "substantiate[d] the request for an award of damages through" supporting documentation including the motion, memorandum of law in support, numerous exhibits, and a declaration. *Id*. The Court noted, however, that Plaintiff's damages would be limited to those amounts specified and supported. *Id*. *See also*, Rule 54(c) of the Federal Rules of Civil Procedure (limiting type and amount of damages entered as a result of a party's default to "what is demanded in the pleadings."). Accordingly, I believe that the Court would be permitted to determine an award for damages to the extent that Plaintiff ever provides the Court with information to support her claim.

[5] In addition, because a considerable amount of time has elapsed since the Court's decision to grant Plaintiff's motion for sanctions, and Plaintiff has been unresponsive, I believe that the Court could dismiss Plaintiff's case if Plaintiff's non-participation or unresponsiveness continues into the future. *Compare Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31 (1962) (affirming district court's authority to dismiss case for lack of prosecution), *with Hillig v. Comm'r of Internal Revenue Serv*., 916 F.2d 171, 174 (4th Cir. 1990) (requiring consideration of four factors prior to dismissal of case), *and Ballard v. Carlson,* 882 F.2d 93, 95 (1989) (noting importance of providing warning before dismissal of case).